BACON v. WARD.

(Circuit Court of Appeals, Eighth Circuit. May 13, 1919.)

No. 5241.

LIMITATION OF ACTIONS ☞127(18)—AMENDMENTS—EFFECT.

Where plaintiff filed an amended petition sounding in tort, although original action was in contract, *held* that, where defendant promptly moved to strike amended petition from record on ground that it set up a different cause of action, and plaintiff thereafter was granted leave to withdraw amended petition, defendant cannot defeat recovery on ground that filing of amended petition was an abandonment of original cause of action, which permitted the statute of limitations to operate against original cause and bar it.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by Kenneth B. Ward against Frank W. Bacon. Judgment for plaintiff and defendant brings error. Affirmed.

Howard H. Baldrige, of Omaha, Neb. (Baker & Ready, of Omaha, Neb., on the brief), for plaintiff in error.

Clinton Brome, of Omaha, Neb. (H. C. Brome, of Warland, Wyo., on the brief), for defendant in error.

Before CARLAND and STONE, Circuit Judges, and Amidon, District Judge.

STONE, Circuit Judge. The sole point in this case is whether recovery is barred by the Nebraska statute of limitations. The original petition in contract was filed within the statute. To this petition answer was filed, followed by reply. Thereafter an amended petition, filed by leave of court, changed the action to one of tort. Promptly defendant filed a motion to strike this amended petition from the record, on the ground that it was a different cause of action. For over

two years the motion was undisposed of. Then, upon application by plaintiff to withdraw the amended petition, the court ordered:

"That leave be, and the same is, hereby given, to withdraw amended petition filed herein and the case to stand for trial on the original petition."

Shortly afterwards defendant secured leave to withdraw his answer to the original petition and to file a motion for dismissal. This motion was based solely on defect of parties defendant. After overruling of this motion, defendant filed a demurrer to the original petition, based upon several grounds, one of which was that the filing of the amended petition was an abandonment of the original cause of action which permitted the statute of limitations to operate against the original cause and bar it. This contention was preserved throughout the subsequent pleadings and trial, which resulted in recovery under the original petition. The sole question, therefore, is whether the filing and above disposition of the amended petition permitted the statute to run against the original cause of action which had been filed before the statute was a bar?

The defendant, by his motion to strike the amended petition from the record, declared his opposition to the contest as offered in that petition, and his desire to have the court relegate the plaintiff to the cause of action presented in the original petition. Had the court made the order requested, clearly the original petition would automatically have become the only active statement of plaintiff's case. Can the effect be different if the plaintiff, instead of opposing the motion and thus invoking an adverse ruling by the court, sees and confesses the propriety of the motion? That was what, in effect, occurred here. Had it not been for defendant's attack upon the amended petition, there is every reason to believe the case would have been cast on that line. It was only through defendant's act, opposed to plaintiff, that there arose any opportunity for defendant to make the claim of limitations now advanced. To permit defendant to thus profit by his own act would be akin to fraud, and clearly inequitable.

The judgment is affirmed.